UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


AGUSTIN RUIZ,

                             Petitioner,

-vs-                                                    Case No.  8:06-cv-2086-T-17TGW


SECRETARY, DEPT. OF CORRECTIONS,

                             Respondent.

_____/


**ORDER**


        THIS CAUSE is before the Court on Petitioner Agustin Ruiz's 28 U.S.C. § 2254

petition for writ of habeas corpus. Ruiz challenges his conviction and sentence entered by

the Circuit Court for the Tenth Judicial Circuit, Polk County, Florida.  A review of the record

demonstrates that, for the following reasons, the petition must be **denied.**

**PROCEDURAL HISTORY**

        On March 6, 2001, the State Attorney filed an Information charging Ruiz with one

count each of aggravated assault with a firearm and simple battery. (Exh 20: Vol. 1: R 24-

26).[1] On November 28, 2001, Ruiz proceeded to a jury trial before the Honorable Randall

_____

[1] The two-volume record on direct appeal is attached as Respondent's Exhibit 20. The pleadings and
documents found in Volume 1 are referred to by the clerk's number in the bottom right hand corner of the
(continued...)

G. McDonald and Honorable Judith J. Flanders, Circuit Judges. Ruiz was represented by Assistant Public Defender Marlisa Demond. The jury found Ruiz guilty of aggravated assault with a firearm and battery as charged. (Exh 20: Vol. 1: R 31). On January 3, 2002, Judge Flanders sentenced Ruiz to twenty (20) years in prison on the aggravated assault count, and to time served on the battery count. (Exh 20: Vol. 2: R 37, 42-43, 45-50).

Ruiz pursued a direct appeal. Robert D. Rosen, the Assistant Public Defender assigned to represent Ruiz on appeal, filed an initial brief (Exhibit 1) raising one issue:

THE TRIAL COURT SHOULD NOT HAVE ALLOWED THE INTRODUCTION OF HEARSAY STATEMENTS WHERE THERE WAS NO EVIDENCE PROVING THE STATEMENTS WERE EXCITED UTTERANCES.

The State filed its answer brief on or about September 18, 2002. (Exhibit 2). On February 7, 2003, in Case No. 2D02-563, the Second District Court of Appeal filed a per curiam unwritten opinion affirming Ruiz's convictions and sentences. (Exhibit 3). *Ruiz v. State,* 843 So. 2d 273 (Fla. 2d DCA 2003)[Table]. The mandate was issued on March 5, 2003. (Exhibit 4).

On July 14, 2003, Ruiz filed a pro se motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Exhibit 5). Ruiz raised three claims, alleging trial counsel was ineffective for: (1) failure to allow Ruiz to remove his jail armband during trial; (2) failure to advise Ruiz he could be present at sidebar discussions; (3) failure to allow Ruiz to testify.

---

[1](...continued)
page. The trial transcript, which is numbered separately, begins after page 56a in Volume 1 and continues into Volume 2.

On September 30, 2003, the trial court issued an order directing the State to show cause why Ruiz was not entitled to relief on the three claims. (Exhibit 6). On November 1, 2003, the State responded that it could not refute Ruiz's claims without an evidentiary hearing. (Exhibit 7).

On August 2, 2004, an evidentiary hearing was held before the Honorable Dennis Maloney, Circuit Judge. (Exhibit 8). Attorney Ted Lasseigne, Esquire, represented Ruiz at the hearing. The court heard testimony from Ruiz and trial counsel, Ms. Demond. On August 5, 2004, the court issued a written order denying the motion for postconviction relief. (Exhibit 9).

Ruiz appealed the adverse ruling. Ruiz's motion to appoint counsel was denied, and he filed a pro se initial brief on July 8, 2005. (Exhibit 10). The State filed its answer brief. (Exhibit 11). On November 18, 2005, in Case No. 2D04-4083, the Second District Court of Appeal filed a per curiam unwritten opinion affirming the denial of postconviction relief. (Exhibit 12). *Ruiz v. State*, 915 So. 2d 1213 9Fla. 2d DCA 2005)[table]. The court issued the mandate on December 9, 2005. (Exhibit 13).

On December 8, 2005, Ruiz filed a Rule 3.850 which he titled an "Amended Motion for Postconviction Relief." (Exhibit 14). Ruiz raised a new claim of ineffective assistance of counsel, alleging counsel should have objected and preserved for review the issue that the Information filed by the State was defective. On December 30, 2005, the postconviction court issued an order denying the motion as successive and without merit. (Exhibit 15). Ruiz appealed. On May 17, 2006, in Case No. 2D06-400, the appellate court filed a per curiam affirmance of the order denying relief. (Exhibit 16). *Ruiz v. State*, 932 So. 2d 200

(Fla. 2d DCA 2006). Ruiz filed a motion for rehearing (Exhibit 17), which was denied by the appellate court on June 29, 2006. (Exhibit 18). The mandate was issued on July 17, 2006. (Exhibit 19).

Ruiz timely signed the present § 2254 petition on November 5, 2006. (Doc. No. 1). He raises the same four claims of ineffective assistance of trial as those raised in the Rule 3.850 motions in state court.

## STANDARDS OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

### Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

Discussion

Ground One

Ruiz alleges his trial attorney was ineffective for failing to allow Ruiz to remove his jail wristband during trial. The trial court denied this claim after an evidentiary hearing. The court's order states:

> Regarding the first ground, trial counsel testified that while she had no direct recollection of this issue, it was always her policy to have the armband removed and she has never had any difficulty getting the bailiff to remove the band. It is also her policy when providing defendants with trial clothes to provide long sleeved shirts. The defendant was unable to recall any time when the jury would have seen his armband since he was always brought into the courtroom before the jury was brought in and he always remained in the courtroom until the jury had left. Defendant has failed to demonstrate ineffective assistance on this issue.

(Exhibit 9 at pp. 1-2).

The trial court's findings are supported in the record. At the evidentiary hearing, Ruiz's trial counsel testified:

> A      I do not recall having a discussion with him [Ruiz] regarding an arm band. I know right around the time of this trial, there was a case where, in the middle of a witness testifying, I noticed an arm band showing and had it cut off at that point. But, routinely, if arm bands are displayed then we do get them cut off.
>
> Q      Do you recall whether your office provided clothing to Mr. Ruiz to wear during the trial?
>
> A      Yes, our office did provide clothing.
>
> Q      Do you recall whether that clothing was long sleeve or short sleeve?

-5-

> A       I always bring long sleeve shirts. So since I've never put anybody in
> a short sleeve shirt, I would have to say it was long sleeve shirt.

(Exh 8 at pp. 20-21). Implicit in its order, the state court found credible trial counsel's

testimony at the 3.850 hearing that Ruiz was wearing long sleeve clothing during the trial

and that had counsel observed an armband on Ruiz's wrist, she would have had it

removed. *See generally, Cave v. Singletary*, 971 F.2d 1513, 1516 (11th Cir.1992) ("State

court findings of fact can be inferred from its opinion and the record."). The court's

conclusion that Ruiz failed to show deficient performance or prejudice is objectively

reasonable and entitled to deference by this Court pursuant to the AEDPA.

Ground one does not warrant habeas corpus relief.

### Ground Two

Ruiz alleges trial counsel was ineffective for failing to advise Ruiz he could be

present at sidebar discussions. The postconviction court reasonably denied this claim as

conclusively refuted by the record, stating in the order denying relief:

> His allegation that he was not permitted to be present during sidebar
> conferences is contrary to the record, which reflects that he was present.
> Copies of the trial transcript reflecting his presence are attached. (Pages 56,
> 65, and 184).

(Exhibit 9 at p. 2). An examination of the record demonstrates the state court was correct

in its finding that Ruiz was indeed present during sidebar conferences. (Exh 20: Vol. 1: T

56, 65; Vol. 2: T 184). Consequently, the state court decision was objectively reasonable

and ground two does not warrant habeas corpus relief. must be denied.

### Ground Three

Ruiz complains his trial attorney was ineffective for not allowing Ruiz to testify. This

claim was also refuted by evidence adduced at the postconviction hearing:

> Finally, his allegation that defense counsel refused to allow him to testify is contrary to trial counsel's testimony that she specifically recalled advising him not to testify but telling him that the final decision was his to make. Also, the record reflects that the court inquired to him regarding this matter and he told the judge that the decision not to testify was his decision. (Pages 220, 221).

(Exhibit 9 at p. 2). At trial, after the State rested, the following exchange occurred:

> MS. DeMOND:      Judge, at this time, Mr. Ruiz has decided not to testify. I'm sure that the Court wants to conduct an inquiry.

> THE COURT:      Yes. Mr. Ruiz, the -- you know that you have the right to testify, have the jury instructed they would consider your testimony like any other witness?

> Or you can choose not to testify, and they will be instructed they can't use your testimony [sic] against you.

> I'm sure that your attorney has explained -- explained to you the pros and cons of your testifying. Has she not?

> MR. RUIZ:      Yes.

> THE COURT:      Okay. She has advised me that you have decided not to testify. I want to be sure that that is your decision and not hers.

> MR. RUIZ:      It's my decision.

> THE COURT:      Okay. Thank you, sir.

(Exh 20: Vol. 2: T 220-221). It is apparent from the above colloquy that Ruiz's counsel did

not prevent Ruiz from testifying or otherwise interfere with his right to take the stand. On

the contrary, Ruiz was well aware of his right to testify and voluntarily chose not to do so.

As *Strickland* dictates, Ruiz must establish both deficient performance and prejudice. Ruiz

failed to establish deficiency on trial counsel's part. *See Lott v. State*, 931 So. 2d 807, 817

(Fla. 2006) (upholding the trial court's determination that counsel was not deficient where

the defendant "initially wanted to testify," but later made a "voluntary decision, and a joint

decision" with counsel not to do so.)

Ground three does not warrant habeas corpus relief.

## Ground Four

Ruiz alleges trial counsel was ineffective for failing to move to dismiss and therefore

preserve for review the issue that the Information was deficient because it was not

supported by a sworn statement of a material witness, in violation of Rule 3.140(g) of the

Florida Rules of Criminal Procedure. In the state court's order denying the amended motion

for postconviction relief, the court concluded as follows:

> The Court would also note that in his present claim Defendant asserts
> the State's filing of the Information was "not supported by the sworn material
> witness statement, the victim, Luis Ruiz, pursuant to Rule 3.140(g), Fla. R.
> Crim. P." Defendant has misread Rule 3.140(g). Rule 3.140(g) does not
> mandate such support, only dictating that the Information be signed by a
> state attorney under oath stating his or her good faith in instituting the
> prosecution.

(Exhibit 15 at p. 1). The postconviction court's legal ruling comports with Florida law. The

Information filed in this case (Exh 20: Vol. 1: R 25) tracks the language of Fla. R. Crim. P.

3.140(g), which provides:

> An information charging the commission of a felony shall be signed by
> the state attorney, or a designated assistant state attorney, under oath
> stating his good faith in instituting the prosecution and certifying that he has
> received testimony under oath from the material witness or witnesses for the
> offense. An information charging the commission of a misdemeanor shall be
> signed by the state attorney, or a designated assistant state attorney, under
> oath stating his good faith in instituting the prosecution. No objection to an

information on the ground that it was not signed or verified, as herein provided, shall be entertained after the defendant pleads to the merits.

Fla. R. Crim. P. 3.140(g); *State ex rel. Garlovsky v. Eastmoore*, 393 So. 2d 567, 568 (Fla. 5th DCA 1981). There is no requirement in the rule that the Information be supported by a sworn material witness statement. Accordingly, the state court's rejection of ground four is neither contrary to, nor an unreasonable application of, the *Strickland* standard.

Ground four does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Ruiz's petition is denied.  The Clerk is directed to enter judgment against Ruiz and to close this case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v.*

*Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on March 20, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Agustin Ruiz